ORIGINAL **CV20-1111**

KUNTZ, J.

MANN, M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 25 2020 ★
BROOKLYN OFFICE

Civil Action No. _____
(To be supplied by the court)

_Johnn J Johnson_, Plaintiff

v.

_Giley_,

_Tonchie_,

_Carpenter_,

_Booth_, Defendant(s).

RECEIVED
FEB 25 2020
PRO SE OFFICE

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

see attached
Captain William Scott
Nurse Victoria Rallens

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Jabari Johnson #177601, P.O. Box 777
(Name, prisoner identification number, and complete mailing address)

Canon City, CO, 81215
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

\_\_\_ Pretrial detainee
\_\_\_ Civilly committed detainee
\_\_\_ Immigration detainee
✓ Convicted and sentenced state prisoner
\_\_\_ Convicted and sentenced federal prisoner
\_\_\_ Other: *(Please explain)* _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Chiles, C.O., P.O. Box 6000, Sterling, CO, 80751
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes \_\_\_ No *(check one)*. Briefly explain:

Chiles knowingly acted under the color of law

Defendant 1 is being sued in his/her ✓ individual and/or ✓ official capacity.

2

Defendant 2: _Tonchie, C.O. P.O. Box 6000, Sterling, CO, 80751_
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

_Tonchie knowingly acted under the color of law_

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: _Carpentar, C.O. P.O. Box 6000, Sterling, CO, 80751_
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

_Carpentar knowingly acted under the color of law_

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___   Other: (*please identify*) _____

3

B. Defendant(s) Information

Defendant 4: Booth, C.O., P.O. Box 6000, Sterling, CO, 80751

Defendant 5: William Scott, Captain, P.O. Box 6000, Sterling, CO, 80751

Defendant 6: Victoria Rallens, Nurse, P.O. Box 6000, Sterling, CO, 80751

2

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Cruel And Unusal Punishment (8th Amendment Violation)

Supporting facts: On 2/13/2018 at approximately 9:35 a.m. at the Sterling Correctional Facility Plaintiff Jabari Johnson verbally indicated to staff members Giles and Tonchie while in transport from Unit 5 to Unit 4 of his untreated fractured foot expressing he is unable to continue in walking due to excruciating pain of Plaintiffs right foot. Plaintiff expressed dyer need of medical assistance declaring an immediate medical emergency staff C.O. Giles and C.O Tonchie declines the Plaintiffs request/need for medical assistance, yet due to the severity of pain the Plaintiff fell shackled at the ankles and chained behind the back due to unbearable pain. Staffs illicit actions consisted of verbally stating were not calling anyone and since you cant walk well drag you to Unit 4 C.O. Giles and Tonchie maliciously and sadistically dragged the Plaintiff using excessive force were force was not need intending to humiliate and harm the plaintiff using excessive force were force was not needed intending to humiliate and harm the Plaintiff. Plaintiff Jabari Johnson then notified staff that they were in fact dragging the plaintiff on camera were as the illicit acts were being recorded and monitored. Both staff members observed were the camera

1

was located picking the Plaintiff up from the floor slamming the Plaintiff on the wall behind the camera's view, injuring the Plaintiff's right shoulder causing pain and bruising. Once the Plaintiff was nailed to the wall by staff the plaintiff notified staff that thier actions were currently still being recorded and monitored due to the other camera at the opposite side of the hall. Once staff located the camera at the camera Plaintiff was then slammed forcefully face first on untreated fractured jaw inflicting injury of loosening teeth. Plaintiff opposed no threat, was compliant and no resistant as C.O. Giles placed his taser in Plaintiffs back indicating move and I'll kill you. Moments later Captain Scott arrived expressing that he agree's with staff infliction of pain/injury as the Plaintitts request for medical regarding foot and loosening teeth Captain Scott also expressed that the Plaintiff cant and wont do anything about it legally because he is indigent and if he does obtain an attorney the attorney will sail the plaintiff down the river just as the criminal attorney has done. Plaintiff was then placed in a restraint chair in route back to Unit 5. The Plaintiff expressed to captain Scott that this situation will not be swepted under the rug, and that Mr. Johnson dont need an attorney because of the corruption Captain Scott spoke of. All staff members in attendance stated that the Plaintiff needed to shut the fuck up. Plaintiff then states, he is well within his right to speak. The Defendant Tonchie stated shut the fuck up we could kill you if we wanted to and nobody would care, therefore when I let you go shut the fuck up, once Plaintiff was released from Tonchie's grip were as Tonchie placed his thumb on plaintiffs jaw line applying immense pressure to the untreated fractured jaw inflicting pain causing the plaintiff to become unable to speak,

2

yet when Plaintiff was liberated from Tonchie's grip Plaintiff stated I guess DOC will have to kill me because I refuse to let anyone violate my constitutional rights people have died for Plaintiff continued in his speech of injustice as staff put Plaintiff in Unit 5's cell. Plaintiff's jaw was swollen, bruised shoulder, teeth loosened, and that impairment yet before he could express injuries Nurse Victoria Rollans walked away Plaintiff notifies Carpenter of his need of medical, C.O. Carpenter states hell no you should have just shut the fuck up when told. C.O. Booth was informed of Carpenters remarks indicating that the Plaintiff's speech deprived Plaintiff of medical C.O. Booth states oh well life sucks dont it.

On 2/23/19 Dr. Richard Kladuc o/c CSP stated the Plaintiff needs physical theraphy in order to walk

On 6/2019 Dr. Michael Hale stated the Plaintiff needs to see an oral Surgeon regarding the injuring to Plaintiffs Jaw.

Defendants: C.O. Giles, C.O. Tonchie, Captain Scott, C.O. Carpenter, C.O. Booth and Nurse Victoria Rollans Knowingly acted with the same state of mind required to establish the 8th Amendment Violation when.

1. on 2/13/2018 C.O. Giles and Tonchie Knowingly and intentionally refused the Plaintiff of his request for a medical emergency. Sadistically and maliciously dragging the Plaintiff while cuffed detained and shackled at the ankles behind the back and shackled at the ankles while on camera as the Plaintiff opposed no threat.

2. On 2/13/2018 C.O. Giles and Tonchie Knowingly and intentionally with the Sadistic and malicious intent to cause great bodily injury, slamming the Plaintiff to the wall as the Plaintiff is detained at the ankles and behind

3.

the back opposing no threat were as staff injures plaintiffs shoulder causing bruising due to plaintiff indicating staff is acting corruptly on camera.

3. On 2/13/2018 C.O. Giles and Tonchie knowingly and intentionally with the malicious and sadistic intent to cause great bodily injury, slammed the plaintiff on his untreated fractured jaw loosening teeth, as the plaintiff opposed no threat, due to plaintiff expressing to staff that thier illicit actions were still on camera as they unlawfully assualted the plaintiff.

4. On 2/13/2018 Captain Scott knowingly and intentionally allowed the use of excessive force by staff, stating no one will help the plaintiff and if the plaintiff does recieve legal assistance the legal aid will not be effective.

5. On 2/13/18 C.O. Tonchie knowingly and intentionally intended to cause great bodily injury, applying severe pressure to plaintiffs untreated fractured jaw, causing swelling to plaintiffs jaw due to the plaintiff engaging in protected speech.

6. Nurse Victoria Rallens on 2/13/2018 knowingly and intentionally refused the plaintiff of treatment walking away without assessing plaintiffs injury's.

7. On 2/13/2018 C.O. Carpentar knowingly and intentionally deprived the plaintiff of medical treatment stating plaintiff should have shut his mouth which will not allow plaintiff medical treatment yet plaintiff was deprived medical care for free speech.

8. On 2/13/2018 C.O. Booth knowingly and intentionally disregarded the plaintiffs continual need for care and refused to call medical even when the plaintiff expressed to C.O. Booth that Carpentar and other staff members were depriving the plaintiff of medical

Plaintiff Jabari Johnson was subjected to difficult circumstances, subjecting the plaintiff to cruel conditions of confindment depriving the plaintiff of the basic human need of safety and medical care. The Plaintiff was subjected to assualt due to retailiation with the malicous and sadistic intent to cause great bodily injury as Doc staff caused physical and emotional injuries that continue to current date. Currently the plaintiff Jabari Johnson is in need of further treatment to right foot and lower right jaw due to further injuries inflicted by staff. Medical has neglected treatment since 10/19/2017, yet Victoria Rallens on 2/13/18 refused as the plaintiff have suffered in pain from injuries to current date, as Dr. Richard Hodge prescribed physical therapy so that the plaintiff may walk, and Dr. Micheal Hale prescribed an oral surgeon for jaw. Nonetheless the precise extent of plaintiffs injuries and the nature of any permanent damage are difficult to ascertain due to continual treat-ment that the plaintiff requires. therefore Plaintiff request as listed a sum of money damages regarding defendants punitive and compensatory claims of relief.

G.  **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

| Defendants | punitive damages | compensatory damages |
|---|---|---|
| Giles | $100,000 | $100,000 |
| Tonchie | $100,000 | $100,000 |
| Carpentar | $100,000 | $100,000 |
| Booth | $100,000 | $100,000 |
| William Scott | $100,000 | $100,000 |
| Victoria Kitchens | $100,000 | $100,000 |

H.  **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

12/25/19
(Date)

(Form Revised December 2017)